UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN JAMES MCGRATH, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-193 |
| | § | |
| CAROLYN W. COLVIN, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

In this dispute over disability insurance benefits, the parties have filed cross-motions for summary judgment.  D.E. 14 (Plaintiff John James McGrath's motion);[1] D.E. 15 (Defendant Social Security Administration's Commissioner's motion).  On May 7, 2015, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation ("M&R") (D.E. 17).  On June 24, 2015, this Court entered an Order (D.E. 19) referring the case back to the Magistrate Judge to ensure that the M&R based its findings only on Plaintiff's medical records and not on extraneous records inadvertently included in the record of this case.

On July 14, 2015, the Magistrate Judge issued his amended M&R (D.E. 20), removing references to the improperly submitted treatment notes and recommending that the Commissioner's determination that Plaintiff is not disabled be affirmed and that Plaintiff's cause of action be dismissed.  This Court received Plaintiff's timely-filed

---

[1]  The Court construes "Plaintiff's Brief in Support of Claim" as a motion for summary judgment.

objection (D.E. 21) to the amended M&R on July 27, 2015.  The objection is set out and discussed below.

Plaintiff objects to the amended M&R's finding that the administrative law judge's ("ALJ") decision was supported by substantial evidence.  D.E. 21, p. 1.  Plaintiff argues that his reported pain levels following his hip revision surgeries support a finding that he was unable to gain and maintain meaningful employment for at least a year "even if his pain did lessen somewhat over the year following his surgery."  D.E. 21, pp. 2-3.  "The ALJ must consider subjective evidence of pain, but it is within his discretion to determine that pain's disabling nature."  *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991).  Plaintiff's argument invites the Court to do that which it cannot—reweigh the evidence, try the issues de novo, or substitute the Court's judgment for that of the Secretary.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  This objection is **OVERRULED**.

Plaintiff also argues that the Magistrate Judge erred by not addressing the ALJ's failure to recontact Dr. Dennis Gutzman regarding his medical source opinion that Plaintiff was unable to gain and maintain meaningful employment for at least a year after his two hip surgeries and that Plaintiff's physical restrictions would prevent him from sedentary work.  D.E. 21, p. 4.  The ALJ found that these opinions were entitled to little weight because Dr. Gutzman failed to state a reason for the one-year limitation and did not provide objective medical evidence in support of his opinions.  D.E. 11-3, p. 27. Relying on Social Security Ruling ("SSR") 96-5p, Plaintiff contends that "[f]or treating sources, the rules require [an ALJ to] make every reasonable effort to recontact such

sources for clarification when they provide opinions on issues reserved to the Commissioner and the basis for such opinions are not clear."  D.E. 21, p. 4.

Even if the ALJ had a duty to recontact Dr. Gutzman under SSR 96-5p, Plaintiff has to demonstrate that prejudice resulted from the failure to develop the record.  *See Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000).  "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision."  *Id.*; *see also Paul v. Barnhart*, 417 F. Supp. 2d 837, 841-42 (E.D. Tex. 2006).  Plaintiff has not presented any evidence regarding prejudice.  This objection is **OVERRULED**.

Having reviewed the factual findings, legal conclusions, and recommendations set forth in the Magistrate Judge's amended M&R (D.E. 20), as well as Plaintiff's objection (D.E. 21) and all other relevant documents in the record, the Court **OVERRULES** Plaintiff's objection and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, the Court **AFFIRMS** the Commissioner's decision.  Plaintiff's action (D.E. 1) is **DISMISSED.**

ORDERED this 14th day of September, 2015.

Nelva Gonzales Ramos
_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE